WHITMAN-DOUGLAS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11175.   Promulgated October 10, 1927.

The evidence is insufficient to show that the Commissioner erred in his determination of the deficiency involved in this proceeding.

*P. D. Hutchison, C. P. A.,* for the petitioner.
*Frank S. Easby-Smith, Esq.,* for the respondent.

The Commissioner made his determination of petitioner's tax liability for the period October 1, 1919, to December 31, 1919, and for

the calendar years 1920 and 1921. He determined that there was no deficiency for the period October 1, 1919, to December 31, 1919; that there was a deficiency of $993.15 for the calendar year 1920 and that there was an overassessment of $22.60 for the calendar year 1921.

The petitioner contests the determination for the calendar year 1920 and claims, first, that the Commissioner erred in failing to allow sufficient depreciation on automobiles—the Commissioner computed the allowance for exhaustion, wear and tear of automobiles at the rate of 25 per cent per annum and petitioner claims that he should have used a rate of 50 per cent per annum; secondly, that he erred in " not finding that the net income for the period of 15 months, ended December 31, 1920, was $9,998.96 and by not allocating twelve-fifteenths of this amount, or $7,679.17, as taxable income for the year 1920 "; thirdly, that he erred in " not including in statutory invested capital, capital stock issued January 1, 1920, in the amount of $14,000, which was paid for by notes of the parties to whom issued," and that since this amount of $14,000 should have been included in invested capital, the Commissioner erred in computing the profits tax under the provisions of section 302 of the Revenue Act of 1918.

### FINDINGS OF FACT.

Petitioner is a North Carolina corporation with principal office at Charlotte and was organized on October 1, 1919. It adopted the calendar year as its taxable year. The corporation did not close its books or take an inventory at December 31, 1919. It took an inventory and closed its books for the first time on December 31, 1920, after it had been operating for 15 months. Petitioner valued its inventory taken on December 31, 1920, at $60,124.13. The petitioner's books do not show the income for the period October 1, 1919, to December 31, 1919, or for the calendar year 1920. Petitioner made a return soon after December 31, 1920, and included therein its income for the 15-month period beginning October 1, 1919, and ending December 31, 1920. The Commissioner audited this return and made an allocation of the income for the 15-month period, the basis of which is not disclosed by the evidence, as between the period October 1, 1919, to December 31, 1919, and the calendar year 1920.

" Between October 1, 1919, and December 31, 1919, $12,000 of common stock issued, and on January 1, 1920, it was $14,000 common stock issued." This common stock was issued to Charles B. Douglas, secretary and treasurer of petitioner and one Whitman, for cash and for money due them on salary. None of the common stock mentioned was issued for notes. Twenty-five thousand dollars, par value of

preferred stock, was issued for cash as follows: $9,000, March 1, 1920; $6,000, March 10, 1920; $10,000, March 27, 1920.

For the year 1920 the Commissioner allowed " invested capital as shown by the books, $12,000," and added thereto the " sale of preferred stock for cash prorated from date of sale." There is no question as to this feature of the Commissioner's determination. Petitioner claims that the invested capital so determined in the amount of $31,196.72 should be increased by $14,000 on account of the common stock.

On July 1, 1920, petitioner purchased two Ford coupe automobiles for $1,808.46. These automobiles were used by petitioner's salesmen. In October, 1921, these automobiles were sold for $850. Petitioner claims an allowance for depreciation of these automobiles at the rate of 50 per cent per annum. The Commissioner computed such allowance at the rate of 25 per cent per annum.

OPINION.

LITTLETON : Counsel for petitioner contends that the taxable income for the 15-month period, October 1, 1919, to December 31, 1920, " should be prorated on the basis of twelve-fifteenths of the net taxable income for the year 1920 and three-fifteenths taxable for the period October 1 to December 31, 1919, or it should be computed after it has been prorated on the basis of 12 months ending September 30, 1920, and on the period of 3 months ending December 31, 1920." Petitioner has furnished no evidence as to what portion of the income for the 15-month period ending December 31, 1920, was earned during the period October 1 to December 31, 1919, nor has it introduced any evidence to show upon what basis and in what manner the allocation made by the Commissioner of which it complains was made. The mere statement by counsel that the income should be allocated in a certain manner is not enough. It has not been shown that the Commissioner erred in this regard and his determination is approved.

The evidence submitted is insufficient to support petitioner's claim for additional invested capital of $14,000 in respect of the common stock issued. The error assigned by petitioner in this regard is that the Commissioner erred " in not including in statutory invested capital, capital stock issued January 6, 1920, in the amount of $14,000, which was paid for by notes of the persons to whom issued." The evidence is to the effect that common capital stock in the total amount of $14,000 was issued between October 1, 1919, and January 1, 1920, to Whitman and Douglas for cash and " for money due Mr. Whitman and myself on salaries " and that none of the common stock mentioned was issued for notes. We have no way of knowing just what the situation is. The deficiency letter shows that the Commissioner started his computation of the invested capital for the year 1920 with the amount

of $12,000, as shown by the books. We have no information as to what that $12,000 represented. It may have represented $12,000 of the $14,000 of common stock issued or it may have represented the total amount paid for the entire $14,000 in common stock issued to Whitman and Douglas " for cash and salaries." We can not speculate in this regard and we therefore affirm the Commissioner's determination as to the invested capital issue.

The evidence fails to convince us that the petitioner's automobiles had a useful life of only two years and we approve the Commissioner's allowance for the depreciation thereon at the rate of 25 per cent per annum.

*Judgment will be entered for the respondent.*

Considered by SMITH and LOVE.